UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARI RAMZAN,

                Petitioner,                Case No. 2:18-cv-13463
                                                    Hon. Mark A. Goldsmith

v.

TIM HARES, ET. AL.,

                Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Ari Ramzan is a prisoner incarcerated at the Washtenaw County Jail. The pro se complaint names eight defendants, six of whom are employed at the Baraga Maximum Correctional Facility, and the two of whom are employed at the Baraga Circuit Court. The complaint alleges that Defendants violated his constitutional rights in unspecified ways in bringing about his criminal conviction. For the reasons that follow, the case will be transferred to the United States District Court for the Western District of Michigan.

### I. Discussion

The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. § 1391," which states that "'[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought

1

in district courts of the United States.'" Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 55 (2013) (quoting 28 U.S.C. § 1391(a)(1)). The general venue statute "further provides that '[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" Id. at 55-56 (quoting 28 U.S.C. § 1391(b)). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Id. at 56. If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case" under section 1406(a). Cosmichrome, Inc. v. Spectra Chrome, LLC, 504 F. App'x 468, 472 (6th Cir. 2012).

Baraga County is part of the Western District of Michigan. 28 U.S.C. § 102(b). The complaint alleges that all Defendants reside in Baraga County and that all the events forming the basis for the complaint occurred in Baraga County.

2

Because there is no apparent basis for venue to lie in this district, but there are facts in the complaint suggesting that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## II. Conclusion

Accordingly, it is ORDERED that the Clerk of the Court shall TRANSFER this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: November 30, 2018  　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan 　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2018.

　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　Case Manager